Frank R. and Mary V. Haynes v. Commissioner.
Haynes v. Commissioner
Docket No. 177-67.
United States Tax Court
T.C. Memo 1968-287; 1968 Tax Ct. Memo LEXIS 12; 27 T.C.M. (CCH) 1531; T.C.M. (RIA) 68287; December 16, 1968, Filed *12 Leonard J. Prekel, 2255 Penobscot Bldg., Detroit, Mich., for the petitioners. Ralph F. Keister, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies have been determined in the income taxes of petitioners by the Commissioner in the amounts of $205.99 and $206 for the respective taxable years 1963 and 1964. The sole issue is whether respondent has erred in disallowing as a nonbusiness bad debt deduction amounts in each year representing one-half the income tax, plus additions thereto for fraud, for a prior year paid by one spouse upon the joint and several liability of herself and her former husband based upon a joint return for the prior year. Findings of Fact The stipulated facts are found. The petitioners Frank R. Haynes and Mary V. Haynes are husband and wife whose legal residence at the time the petition was filed was Dearborn Heights, Michigan. Petitioner Mary V. Haynes was formerly married to Dominic J. Orsini and filed a joint Federal income tax return with him for the year 1954. They were legally divorced on October 1, 1956, by decree of the Circuit Court of Wayne County, Michigan, and on June 11, 1960, Mary *13 married Frank R. Haynes. On May 9, 1961, the district director of internal revenue, Detroit, Michigan, issued a statutory notice of deficiency to Dominic J. Orsini and Mary V. Orsini, asserting a deficiency in income tax for 1954 of $8,931.33, and an addition to the tax, under section 6653(b) of the Internal Revenue Code of 1954, of $4,465.67. On or about July 31, 1963, the Internal Revenue Service and Frank and Mary entered into an agreement in settlement of Mary's liability on the joint 1954 income tax return of herself and Dominic J. Orsini. In the agreement, Mary conceded her liability for a deficiency and addition to the tax for 1954 in the amount of $3,450 and reaffirmed her joint and several liability with respect thereto. In the same agreement, Frank conceded that as a transferee of assets of Mary, he was liable for the deficiency, including the addition to tax, due from Mary to the extent of $3,450 plus interest. In 1963, Mary and Frank paid to the Internal Revenue Service the sum of $4,619.22, which was applied to the tax, penalty, and 1532 interest in accordance with the settlement agreement. Petitioners filed joint Federal income tax *14 returns for the calendar years 1963 and 1964. On Schedule D of the 1963 return, the petitioners claimed a capital loss for "Non-Business Bad Debt - Dominic Orsini" in the amount of $3,450. This alleged loss, limited to $1,000 in each year, was claimed in 1963 and 1964 as a carryforward deduction. Ultimate Finding The alleged debt for $3,450 that the petitioners deducted on their Federal income tax returns for 1963 and 1964 was for Federal income taxes owed and paid by petitioners. Opinion Petitioners present the proposition that they are not here seeking the deduction of Federal income taxes (prohibited by section 275(a)(1), [1] I.R.C. 1954 and section 23(c) (1), I.R.C. 1939), but are merely seeking the deduction of a nonbusiness bad debt loss resulting from the worthlessness of Mary's right to contribution from her former husband arising under general legal principle because of her payment of the whole of the Federal income tax for which they were jointly liable. They rely upon Albert Gersten, 28 T.C. 756 (1957), as their primary authority. We find that case to be distinguished from this case based upon the conclusive fact that there, Gersten *15 had no liability for the portion of the income tax of another paid by him which he sought to deduct as a worthless debt loss, while here the personal liability therefor of Mary and Frank's transferee liability is conceded.
While petitioners' case presents a somewhat appealing picture from an equity standpoint, it is not novel and the issue has been recently considered by this Court and decided adversely to the taxpayer in Elizabeth N. Rude, 48 T.C. 165 (1967). We can see no valid distinction between that case and this. For the reasons there set forth and on the authority thereof, we must hold for the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 275. CERTAIN TAXES. (a) General Rule. - No deduction shall be allowed for the following taxes: (1) Federal income taxes * * * Section 23(c)(1), I.R.C. 1939↩, is essentially the same as the above.